UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANGEL CHUH-CHAVEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06332-DAD-SCR

ORDER DIRECTING SUPPLEMENTAL BRIEFING

The court has reviewed petitioner's *pro se* petition for writ of habeas corpus (Doc. No. 1) and respondent's opposition thereto (Doc. No. 6). In their opposition respondents argue that petitioner "refused to tell the Department of Homeland Security (DHS) whether he wanted a custody redetermination hearing." (Doc. No. 6 at 2.) In support of this argument, respondents cite a Form I-286 "Notice of Custody Determination." (Doc. No. 6-1 at 6.) This form, which is not signed by an interpreter despite purportedly being read to petitioner in Spanish, reflects only that petitioner refused to acknowledge that he received the Notice of Custody Determination.[1] (Doc. No. 6-1 at 6.) The court is unable to determine from the submitted document whether petitioner was provided with "an initial custody determination by an immigration officer where

[1] Notably, respondents have not provided any evidence regarding the authenticity of their exhibits, including the Notice of Custody Determination, nor any argument regarding whether their exhibits are self-authenticating pursuant to Federal Rule of Evidence 902.

petitioner had the opportunity to demonstrate that his release would not pose a danger or flight risk." *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026). It appears that DHS utilizes an Initial Custody Determination Form which has specific questions for the officer to answer when completing an initial custody determination, although such a form has not been provided to the court in this case. *See Cajamarca-Janza v. Soto*, No. 26-CV-3066 (HG), 2026 WL 1506777, at *4 (E.D.N.Y. May 29, 2026) (noting that in the Initial Custody Determination Form provided by the government the officer marked "No" next to the question "Has the individual established that he/she does not pose a flight risk?").

Accordingly, the court directs respondents to file supplemental briefing no later than August 24, 2026, addressing whether petitioner received an initial custody determination and notice of the custody determination in a language in which he is fluent. In addition, if available, respondents are directed to submit to the court petitioner's Initial Custody Determination Form. Respondents are directed to include a sworn statement of someone with personal knowledge in support of any claims made in that supplemental briefing or otherwise ensure that the documents presented comply with Federal Rule of Evidence 902.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE