UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANGEL CHUH-CHAVEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06332-DAD-SCR<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 1) |

On August 10, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that he is not lawfully detained and that his continued detention without a bond hearing is unlawful. (*Id.* at 7.) On August 13, 2026, the court construed petitioner's request for emergency relief in the petition as a motion for temporary restraining order and issued a briefing schedule as to that motion. (Doc. No. 5.)

On August 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents maintain that petitioner was detained pursuant 8 U.S.C. § 1225(b)(2)(A) but acknowledge that pursuant to the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), petitioner's detention is governed by 8 U.S.C. § 1226(a). (*Id.* at 1.) Respondents further argue that petitioner was immediately eligible for bond hearing when he was detained in Florida. (*Id.*) Respondents

further state that petitioner "refused to tell the Department of Homeland Security (DHS) whether he wanted a custody redetermination hearing." (*Id.* at 2.)

Based on the briefing currently before the court, the timeline of petitioner's detention by ICE is somewhat unclear. Petitioner alleges in his habeas petitioner that he was detained on July 18, 2026.[1] (Doc. No. 1 at 5.) Respondents state that ICE issued an immigration detainer for petitioner on July 16, 2026 following an arrest by local law enforcement and that his case was "processed on May 17, 2026."[2] (Doc. No. 6-1 at 2.) Respondents have provided a copy of an administrative warrant is dated July 16, 2026 and which was served on July 18, 2026. (*Id.* at 4.) Respondents have also provided a copy of a Notice to Appear for removal proceedings which is dated July 17, 2026. (*Id.* at 7.) Petitioner was apparently served with a Notice of Custody Determination and the Notice to Appear on July 18, 2026, although on the line where petitioner would have acknowledged receipt of those documents, appears the word "refused." (*Id.* at 6–9.) It therefore appears from the documents before the court that petitioner was detained by ICE on or about July 18, 2026.

On August 18, 2026, the court directed respondents to file supplemental briefing addressing whether petitioner received an initial custody determination and notice of the custody determination in a language in which he is fluent, and, if available, petitioner's Initial Custody Determination Form. (Doc. No. 7 at 2.) On August 24, 2026, respondents filed a supplemental brief in which they state that they were unable to locate an Initial Custody Determination Form but note that the Notice of Custody Determination Form 1-286, which was provided in their initial filing, is the standard form contemplated by 8 C.F.R. § 236.1(g)(1). (Doc. No. 9 at 2.) In addition, respondents state that the Notice of Initial Custody Determination may be provided by a

---

[1] Somewhat confusingly, petitioner also alleges that at the time he filed his petition in August of 2026, his detention was prolonged because it had lasted for more than 90 days and he also suggests that he is subject to final removal order. (*Id.* at 2, 6.)

[2] Presumably, this is typographical error, and petitioner's case was "processed" on or about July 17, 2026 in light of the Notice to Appear having been issued on July 17, 2026. (Doc. No. 6 at 2, 7.) However, respondents' documentation does not further explain what actions ICE took to process petitioner's case on July 17, 2026.

bilingual staff member or through professional interpretation, and that the Form I-286 reflects compliance with this procedure. (*Id.*)

Another district court recently explained the custody determination process as follows:

> DHS utilizes a Notice of Initial Custody Determination, Form I-286, to document its custody determinations. 8 C.F.R. § 236.1(g). The Form I-286 includes "the formal mechanism—a box the detainee may check—to immediately request" that an Immigration Judge ("IJ") review DHS's custody determination at a custody redetermination hearing (i.e., a bond hearing). *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026).
>
> If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, an IJ will set a hearing in Immigration Court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

*Reyes v. Warden*, No. 5:26-cv-05272-PD, 2026 WL 3459355, at *3 (C.D. Cal. Nov. 13, 2026).

Here, the Notice of Custody Determination form provided to the court in this case contains check boxes where a noncitizen may check that he or she does or does not request that an immigration judge review the custody determination. (Doc. No. 6-1 at 6.) Neither of the boxes are checked on the form. (*Id.*) The court has previously noted that a petitioner cannot be expected to have availed himself of an administrative remedy which he received no notice of. *Alarcon-Mendoza v. Warden, California City Det.*, No. 1:26-cv-08730 DAD SCR, 2026 WL 3439087, at *4 (E.D. Cal. Nov. 12, 2026). However, based on the current evidence before the court, it does appear that petitioner received notice of his ability to request a custody redetermination hearing before an immigration judge and petitioner has not provided any explanation as to why he has not made such a request.

Based on the foregoing, the court finds that petitioner has not yet exhausted his administrative remedies with regard to respondents' initial custody determination because he has not yet requested a bond redetermination hearing before an immigration. The court is persuaded by the analysis in *Cesar G.R. v. Warden, California City Det. Facility*, No. 1:26-cv-04231-MWJS, 2026 WL 1765351 (E.D. Cal. June 18, 2026), where the court declined to waive the prudential exhaustion requirements because the petitioner had failed to request a bond hearing. Here, there are outstanding factual issues that can best be resolved before an immigration judge

during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Therefore, the Court will deny petitioner's motion for temporary restraining order due to petitioner's failure at this time to make a showing that he is likely to succeed on his claim in this regard.

For the reasons stated above,

1. Petitioner's motion for temporary restraining order as construed by the court (Doc. No. 1) is DENIED without prejudice to the renewal by way of a motion for preliminary relief following a custody redetermination hearing; and
2. The pending petition for writ of habeas corpus (Doc. No. 1) is REFERRED to Magistrate Judge Sean C. Riordan for further proceedings.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE